IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


United States of America,          :

        Plaintiff,          :

    v.          :          Case No. 2:11-mj-189

Fred Leatherwood,          :

        Defendant.          :          Magistrate Judge Kemp


<u>ORDER</u>

The Court held a detention hearing in this case on March 11, 2011.  After taking testimony, hearing argument, and considering the Pretrial Services report, the Court ordered the defendant detained without bond pending further proceedings.  This order explains why.

Mr. Leatherwood was charged in a criminal complaint filed on March 9, 2011, with conspiracy to possess with intent to distribute over 28 grams of crack cocaine.  That charge carries with it both a mandatory minimum sentence of five years and a presumption, described below, that if there is probable cause to believe that a person committed such an offense, release on bond is not appropriate.

<u>Legal Standard Applicable</u>.  The United States' request for detention is based in part upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses, certain firearms offenses, and certain offenses involving minor victims.  That statute states, in pertinent part, that:

        Subject to rebuttal by the person, it
        shall be presumed that no condition or
        combination of conditions will reasonably

> assure the appearance of the person
> as required and the safety of the
> community if the judicial officer
> finds that there is probable cause to
> believe that the person committed an
> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title... or an offense involving a minor
> victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to this rebuttable presumption is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of

-2-

the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States. Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The United States established probable cause (although the Court has not yet conducted the formal preliminary hearing) through the testimony of the case agent. He testified that the defendant has been suspected of being a crack cocaine trafficker for some time and has been under surveillance since January, 2011. During the last several months, he has been seen going into and out of a residence located at 554A West Town Street in Columbus, which agents believed was being used as a "stash house"

-3-

for drugs.  Additionally, a confidential informant has contacted defendant on multiple occasions to arrange drug purchases, which subsequently took place at the next-door residence of 552 West Town Street.  On March 9, 2011, agents executed search warrants at those two locations and a third location, 556A West Town Street.  Defendant and two other individuals were arrested at one or more of these locations, and agents also found a total of eight firearms, many of them loaded, over 300 grams of crack cocaine, and several thousand dollars in cash.  There was also evidence of drug trafficking such as scales and drugs already packaged for sale.  After being questioned by law enforcement agents, defendant admitted to being involved in selling crack cocaine and that another of the persons arrested, James Stewart, worked for him in that trade.

The Pretrial Services report indicates that defendant is a long-time resident of the Columbus area and has seven children. He has been separated from his wife for approximately the past year.  He reported some self-employment, some of which his wife confirmed, but agents did not observe him working at a full-time job while he was under surveillance.  He was convicted of two felonies in 2001 and was sentenced to jail time for those offenses.

In this case, although defendant is not yet facing weapons charges, the testimony of the case agent would seem to support such charges, and indicates, at the very least, a danger to the community from the presence of weapons at or near drug trafficking locations.  On the drug charge as described in the complaint, there is a five-year mandatory minimum sentence, but that could increase to ten years based on the seizure of over 300 grams of crack cocaine from the "stash house" where defendant was arrested.  See 21 U.S.C. §841(b)(1)(A)(iii).  The evidence against defendant is strong, given his presence in the house at

-4-

the time of arrest, the surveillance evidence, the evidence from the informant, and defendant's own admissions.  The case does involve both drugs and firearms, which are negative factors under §3142(g).  All of these factors, plus the apparently sporadic nature of the defendant's employment and the fact that he appears to have been the manager of this operation, led the Court to conclude that he had not successfully rebutted the presumption against release, and that he should be detained pending trial. Consequently, that is what the Court ordered.

The defendant was advised of the right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).


/s/ Terence P. Kemp
United States Magistrate Judge